

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 29, 1976

The Honorable Bob Bullock
Comptroller of Public Accounts
State of Texas
Austin, Texas   78774

Opinion No. H-804

Re:  Whether the Comptroller
may eliminate the require-
ment that county clerks
furnish him with a certi-
fied copy of the inventory
and appraisement and list
of claims and a certified
copy of the last will and
testament or proof of heir-
ship under article 14.14(B),
Tax.-Gen.

Dear Mr. Bullock:

　　You have requested our opinion regarding whether the
Comptroller is authorized to enforce a regulation altering
the form and filing date of certain reports.  Article 14.14(B),
Taxation-General, V.T.C.S., requires the Clerk of a County
or Probate Court,

> [w]ithin twenty (20) days after an inventory
> and appraisement and a list of claims shall
> have been filed and approved by the County
> or Probate Court, in the estate of a dece-
> dent . . . to furnish the Comptroller a
> certified copy of the inventory and
> appraisement and list of claims and a
> certified copy of the last will and test-
> ament, or, in the absence of a will, proof
> of heirship. . . .

The Comptroller's Ruling, No. 30-0.26, modifies this statutory provision by requiring the Clerk, in lieu of compliance with article 14.14(B), to furnish

> a completed County Clerk Report, form
> 2B30-6.01, for each estate within forty-
> five (45) days of receipt of the infor-
> mation requested on the form.

You advise that this "County Clerk Report" requests certain information otherwise contained in the inventory and appraisement, the will, or the affidavit of heirship, but that much of the detailed information of those documents is eliminated.

Article 1.033, Title 122A, Taxation-General, V.T.C.S., provides that

> [n]otwithstanding the provisions of any
> Article of this Title, the Comptroller
> may revise any report required by any
> Article of this Title so as to eliminate
> any specific information required by the
> provisions of any Article of this Title.

In our opinion, the Comptroller's requirement that a "County Clerk Report" be filed in lieu of more detailed information is encompassed within the meaning of this statute. Thus, the Comptroller may require County or Probate Clerks to furnish that information by filing such a report rather than by filing certified copies of the documents specified in article 14.14(B).

As to the Ruling's extension of the time within which the Clerk is directed to furnish the information, however, we do not believe that such a modification of the statute may fairly be said to "eliminate any specific information required by the provisions of any Article of this Title."

Since it does not therefore appear that such an extension is authorized by statute, it is our opinion that the Comptroller may not extend from 20 to 45 days the time within which the County or Probate Clerk is required to file the "County Clerk Report."

### S U M M A R Y

The Comptroller may require County or Probate Clerks to file a "County Clerk Report" in lieu of filing certified copies of the documents specified in article 14.14(B), Taxation-General, V.T.C.S., but he may not extend from 20 to 45 days the time within which the Clerk is required to file the report.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb